# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RONALD R. HAGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 09-0094-CV-W-JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Plaintiff is appealing the final decision of the Secretary denying his application for disability insurance benefits ["DIB"] and supplemental security income ["SSI"] benefits under Title II and XVI of the Act, 42 U.S.C. §§ 401, 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

### Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on

the record as a whole.  Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A).  Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990).  In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment.  Id.  Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled.  The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions.  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).   When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.  The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole.  Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff was 44 years old at the time of the hearing before the ALJ. He has a tenth grade education. His past relevant work includes work as a porter, dishwasher and a cook, among other jobs. He alleges disability based on Hepatitis C, depression, and anxiety.

At the hearing before the ALJ, plaintiff was not represented by counsel. The ALJ offered to continue the hearing until plaintiff could obtain counsel, but plaintiff indicated he wanted to proceed with the hearing. The ALJ also explained to plaintiff that the agency rejected his claim because there was no information in the record regarding any medical treatment or medication. Plaintiff testified that he had not worked since 2005. Previously, he had worked as a cook, but had to stop working because he became very ill. He did not remember when he was diagnosed with Hepatitis C, but he was told that it would get worse, and it got to where he could not work anymore. He stated that he feels like he has the flu all the time, and feels rundown and tired. He might have been diagnosed in 1998, and he was able to work until 2005 with the disease. He did not get Interferon treatment. His doctor was going to wait on that treatment until he was more ill because the treatment, itself, can make people very sick. His doctor, Dr. Tim Frey, monitored his blood once a month, to see if the enzymes would go up. He did not have any treatment and was currently not receiving any treatment because he has no health insurance. He was also never hospitalized. Plaintiff testified that he also has depression. He was diagnosed in 2005. He probably has not seen the doctor in four or five years. He took Paxil for depression and anti-anxiety medication for about two-and- a-half years. He feels sad all the time, and feels like giving up because it doesn't seem that life is worth living. Plaintiff testified that he lives in the basement of a house; he tries to clean, and cooks once or twice a week. He cleans the area where

he lives. He has not tried to cut the grass or trim the bushes in the yard in about two years. He does not shop for groceries, nor does he drive. Plaintiff testified that he sleeps way too much-- that he basically sleeps all day. He has no social life because he doesn't have any money. He stated that he cannot work because he is sick all the time, wants to sleep all the time, has no energy, feels like he has the flu, and has no strength. In an eight-hour day, he does not think he could stand more than half an hour to an hour; most of the day he could either sit or lie down; he doesn't know if he could lift twenty pounds, but he might be able to lift ten pounds.

    The ALJ found that plaintiff has not engaged in substantial gainful activity since July 25, 2004, the alleged onset date. It was the ALJ's finding that plaintiff had Hepatitis C, which was a severe impairment. It was the ALJ's finding that plaintiff was only partially credible. He found that plaintiff has the residual functional capacity ["RFC"] "to perform the exertional demands of less than a full range of sedentary work . . . ." [Tr. 14]. Specifically, he found that plaintiff had the RFC to lift a maximum of 10 pounds; to stand or walk a total of two hours each and sit a total of six hours in an eight-hour day; to have a sit/stand option at will; and to avoid concentrated exposure to heat, cold, and humidity. The ALJ concluded that plaintiff could not perform his past relevant work, but that according to the testimony of the vocational expert, he could perform work such as a surveillance system monitor, and circuit board assembler. It was therefore the finding of the ALJ that plaintiff is not under a disability as defined by the Act.

    Plaintiff contends that the ALJ erred in posing a hypothetical question to the vocational expert that was different regarding limitations than the RFC he determined and upon which he based his decision. He asserts that the ALJ should have posed a hypothetical question with the same impairments as found in his RFC. It is his position that there is not substantial evidence to

support the ALJ's decision because of the incorrect characterization of his impairments. Specifically, he asserts that the ALJ determined that plaintiff could only stand or walk two hours in an eight-hour work day. The question he posed to the vocational expert included the ability to "sit for four hours and stand for four hours. . . ." [Tr. 36]. The ALJ also indicated that plaintiff would need a sit/stand option because of his hepatitis, which causes a lot of fatigue.

In reviewing the record, the vocational expert responded that, with the limitations delineated by the ALJ, "there are sedentary jobs with a sit/stand option, yes." [Tr. 37]. The vocational expert also testified that he took all the limitations into consideration that were placed on the sedentary exertional level.

Having fully reviewed the record, the Court finds that there is substantial evidence in the record as a whole to support the decision of the ALJ. Plaintiff argues for reversal of the decision on the grounds that the hypothetical posed to the vocational expert did not match the limitations found in the RFC. He contends that the ALJ should not have relied on the vocational expert's testimony to find that he could perform other work in the national economy. While the record indicates that sit and stand limitations were not the exact same as those included in the RFC finding, the vocational expert based his opinion on sedentary jobs, which were further limited by a sit/stand option and no exposure to humidity or extremes of temperature. According to 20 C.F.R. 404.1567(a) and 416.967(a), sedentary work involves lifting no more than ten pounds, and although it is defined as a job that involves sitting, "a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." In this case, because the jobs identified by the vocational expert could be performed with a sit/stand option and in a controlled

environment with no extremes of hot and cold, and because they are both sedentary jobs, any discrepancy in the RFC finding and the hypothetical did not affect the ALJ's step-five finding. Based on the foregoing, the Court finds that there is substantial evidence in the record to support the ALJ's decision that plaintiff does not suffer from a disabling impairment, and that he can perform some types of sedentary jobs.

Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary should be, and it is hereby, affirmed.

/s/ James C. England
 JAMES C. ENGLAND
United States Magistrate Judge

Date:   2/9/10